PER CURIAM.
Gregory Didion appeals the order finding him in violation of his probation for committing new law offenses and the sentence imposed on the underlying offenses. He argues that the trial court erred in finding him in violation (1) where there was no non-hearsay evidence to corroborate the hearsay evidence; (2) because the verdict was not supported by the weight of the evidence; and (3) because the neces *1263 sary elements of the alleged crimes were not established. He also argues that, when sentencing him, the court improperly considered prior alleged violations that had been dismissed. As to these issues, we affirm without further discussion.
Didion also argues that the court erred by entering a judgment that did not specify the condition he was found to have violated, instead finding him guilty of “on site violation of state probation.” We agree with Didion that the judgment contains what appear to be scrivener’s errors. The Affidavit of Violation of Probation alleged that Didion had violated Condition 5 of his probation by committing the new law offenses of burglary of an occupied dwelling and criminal mischief, but as Didion correctly points out and the State concedes, the judgment does not specify which condition Didion violated. Although it is obviously Condition 5, the judgment erroneously specifies that Didion committed an “on site violation of state probation,” which is a nonexistent offense. Therefore, we remand this case to the trial court to correct the scrivener’s errors in the judgment by striking the reference to the nonexistent offense and to specify the condition of probation Didion violated.
AFFIRMED; REMANDED to correct scrivener’s errors.
SAWAYA, PALMER, and LAMBERT, JJ., concur.